15-1682. Sheet Metal Employers Industry Promotion Fund et al. v. Absolut Balancing Company Incorporated et al., argument not to exceed 15 minutes per side. Mr. Liederman, you may proceed for the appellant. Good morning. Ron Lederman on behalf of the plan of funds, the appellants. Is Judge Donald able to see me okay and hear me? Yes, I'm able to see you, sir. Thank you. Thank you. If I may save two minutes for rebuttal, please. This is an appeal where the Sixth Circuit has taken an interlocutory appeal on certification of the very narrow issue of whether federal labor law or state common law controls the threshold and really the controlling issue of whether or not the defendant employers are signatory to and bound by the controlling collective bargaining agreements. This is the first time in 30 years of practice that I've had an opportunity to argue and brief an interlocutory appeal in the federal courts such as this. It's been a unique experience. I hope that I did the briefing appropriately. I found that my focus to be much more narrow in this case than I do in appeals as of right. And again, the very narrow issue which was certified by the district court and taken by the Sixth Circuit is whether or not we apply federal labor law or state common law to the issue of contract formation involving collective bargaining agreements. In ruling that state common law applied to this issue, the trial court did not cite to any cases except for one case which did not involve collective bargaining agreements. It involved a private employment agreement wherein the courts indicated that whether or not the parties agreed to an arbitration provision within a contract, is to be looked at under state common law. It's our position that that case does not apply to federal labor law cases. In that rather, the abundance of case law that's cited in our appeal briefs would suggest or would mandate that this court conclude that federal common law applies to the issue of whether or not the defendant employers are signatory. That's my understanding that Judge Zadkoff raised this issue on his own? That's correct. Both parties relied upon federal common law. After the judge did this on his own, did anybody bring it to his attention that they thought it was contrary to precedent or was it pointed out to him, that's all? Yes, we filed a motion for reconsideration. That was just summarily denied? Correct. I guess the appellees volunteered that they also thought it was wrong. How did they respond to the motion for reconsideration? They contested it. They contended that his ruling was correct? Yes. No, that was not what they'd argued to be. Even though they hadn't preserved the issue? Correct. Originally, both parties, us and the employers, argued that federal common law and federal standards applied to this issue of contract formation. That's rather unusual. The issue isn't preserved, isn't raised. The judge brings it up and decides the issue on the basis. That's correct. Once this case was transferred to Judge Bernie Friedman, we filed a motion. The parties actually stipulated and Judge Friedman agreed to certify this issue to this court for resolution because Judge Friedman obviously had some concerns about the ruling of Judge Zatkoff. Judge Friedman then was relying on law of the case basically for proceeding and ostensibly certified it to this court for that reason, because of that concern. Judge Friedman did not consider the merits of Judge Zatkoff's ruling, but he was concerned about it, and that's why he agreed to certify this issue into state proceedings during the appellate proceedings right now. Mr. Lederman, let me just tell you, when you're responding to my questions, if you'll just keep looking at Judge Gibbons or Judge Griffin, I can see you better, because when you look over at the screen, then you're looking away from me. I understand. I understand. It's kind of making me a little dizzy. If you'll just make eye contact with us, you'll also be making eye contact with Judge Donnell, as opposed to making it look like you're, I think I'm getting that right, as opposed to making it look like you're with the court. Okay. Going back to the substance of our arguments, the second basis that the trial court ruled that state law applies and not federal law is because the state law applied a second, irrelevant consideration by holding that only claims that are directly created by the court, which is the collective bargaining agreement, are governed under Section 301 of the Labor Relations Management Act. And then the judge took the next step and said that issues of contract formation are not directly created by the collective bargaining agreement. As indicated in our briefs, we believe that this was an improper consideration. Obviously, this is a breach of contract claim. The rights of the funds are derived from the collective bargaining agreement. They're derived by the collective bargaining agreement, and that's why Section 301 applies. Are there any state law claims involved in this case? There are not. It's strictly under Section 301 to strictly breach a contract for failing to pay the benefits. So the case that Judge Zankoff cited about state law claims just is inapplicable? That's correct. In the plaintiff, I'm sorry, the defendant, in their appellee's brief, they cited to a number of cases that address when federal law preempts state common law tort claims. Those cases are inapplicable. We're relying upon a breach of contract claim. Our rights are derived contractually under the collective bargaining agreement. There were state claims that were raised on a counterclaim and a third-party claim by the employers that were dismissed, but those are not subject at all to this appeal. We're talking about breach of contract claim under the collective bargaining agreement, and that's all we're talking about. Again, this is the first time that I have argued an interlocutory appeal, but it's my understanding that the court's role is limited to resolving the certified issue of whether state or federal law applies. It's my understanding as well, and we don't have very many of these, I can tell you that, too. You haven't argued very many. I haven't decided very many. I wasn't sure if we actually had an accomplishment in just getting the Sixth Circuit to grant this appeal. I think you did. Well, thank you. Thank you. So I'm not going to ask the Sixth Circuit or make an argument today about how the federal common law standards would compel the grant of summary judgment in favor of the funds. As far as I understand, and you have confirmed, the analysis stops after the court has decided whether state… Our jurisdiction is limited to that. Great. Great. Then we're on the same page then, absolutely. I think under the circumstances, I would request to save the balance of my time for rebuttal, unless the panel has any additional questions. I have none. Thank you. I don't have any other questions. Good morning, Your Honors. Scott Brony on behalf of the appellees in this matter. I apologize. It's been 15 years, actually, since I've argued a case before either the U.S. Court of Appeals or any other appellate court. Most of my work deals with the trial court. I've employed Lisa's speaker here to assist me. She drafted the briefs, and we reviewed them together. But there's one thing that's important to answering your questions that I think I need to start out with. I'm the only one here that was involved in the case from the very beginning. And the issue that you've referred to here was not brought up by a motion from the other side, by the appellate in this matter. It was brought up when, after Judge Zakoff unfortunately passed away, the matter was transferred to Judge Friedman. At that time, Judge Friedman made it clear that he was going to follow the rules that had been set forth by Judge Zakoff and wanted to have the case proceed to trial. I, as well as the defense, talked. They made it clear that they were going to object and state that in the appeal in this matter, if we were successful, that federal law should apply and not state law should apply. And my position was, why cause my clients to expend more money after a trial to argue that issue? And instead, let's bring that issue before the court first. So, in terms of them filing a motion as to why we're here today, that's not correct. My view was, let's get this matter out before, that way we don't spend time after a trial in this matter. Counsel, Mr. Lederman, it's not incorrect when he says that earlier you all assumed that federal law would apply. Actually, I did contend that state law applied both at the time of the motion for summary judgment as well as I do contend today. Though no state law claims were brought, one of the issues that we have argued throughout this case is that this is not a 301 case. The reason that this is not a 301 case is, and it's in fact supported by the appellant's argument in this matter, is they refer to Section 185, 29 U.S.C. 185. That's a section that has to do with disputes between an employee and a labor organization. This is not a dispute between an employee and a labor organization. The essence of this... We all agree, though, that the issue is very narrow before the court today, but you're not asserting that simply the mere reference to a section would be controlling as far as the type of law that applies, are you? I think it is in the sense that whether or not this is a 301 case determines whether or not federal versus state law applies. They've contended that there is a collective bargaining agreement. When this matter was first... When they first presented their writing in terms of what was the question to be certified, we filed an objection. We filed an objection because that's not what we actually discussed. At the time we had this discussion with Judge Friedman, it was not only was there an issue between federal and state law, but was there a actual collective bargaining agreement involved? So now all of a sudden we get to court and we have the sole issue being, does federal or state law apply to a collective bargaining agreement? And what we're actually dealing with, in essence, is the first step, do we even have a collective bargaining agreement? In order to resolve this case on the merits, which is not our task today, what do you see as the nature of the issue that will have to be decided? By this court first? There is a collective bargaining agreement. The question has to do with its binding effect on the corporate entities in this case, right? I believe that it has to do with three things. One, is there a collective bargaining agreement in place regarding my clients? Well, there is a collective bargaining agreement. The question is whether... I mean, you can't dispute that such an agreement exists. Whether it has anything at all to do with you and your client is another matter. And that's what I was getting to the next. Okay, well... So we know that a collective bargaining agreement was entered into. The next question is, are the appellees signatories to that agreement? The next question is, does the allegation, do the allegations that have been brought by the appellant actually have a relationship to the CBA? At that point, citing the C&H case, is there, do we apply federal law or state law? The question of whether your clients are signatories, does that conclusively settle the matter as to whether they're bound by the collective bargaining agreement? No, I do not believe that it does. Okay. And in order to resolve that question, ultimately you'll have to look not only at the terms of the collective bargaining agreement itself, but also to the labor law that governs when parties who didn't actually sign on the dotted line of the collective bargaining agreement may nevertheless be bound by it, right? I would wholeheartedly disagree, as there's two different issues you've presented there. Well, do neither of them have to be decided in this case? No, both of them have to be decided at some point. That's all I'm asking you. They have to be decided. They do have to be decided, yes. And one might think, as a matter of logic, that one would be referring to the federal law on that subject. That assumes that it's a 301 case, but there's even— Well, it doesn't have anything to do with assuming it's a 301 case. It has to do with looking at the nature of the issue. But the nature of the issue is a contract claim between nonmembers. 301 is set up for the purposes of ensuring peace between employees and labor management. This is not a case involving employees and labor management, so therefore it becomes a state law claim, and therefore you use state law. Could you tell us exactly where—Mr. Letterman has represented that you also thought federal law applied. And can you tell me exactly where in your initial filings with the district court we would find the assertion that state law rather than federal law applies? He made the statement in his oral argument just before the court that we agreed that federal law applied. Yes, I know it. I'm asking you where we would find that that's not correct, because I told you a few minutes ago to tell us you had contended in the district court from the outset that state law applied. In my motion, I filed a motion for summary judgment as well in which I contended that state law applied. Before the district court ruled that state law applied. Yes. And is there any particular place inside us, or should we just look at that? I think it's docket number 120, which was my motion for summary judgment. So you disagree with his assertion that the parties agreed? To federal law, yes. So you argued Michigan law applied? I argued that Michigan law applied, yes. Cited Michigan cases in your— I believe that we did, yes. I don't have the motion before me. I'll check. And I will double check. That's fine. We'll see. So getting back to what we hear before, the essence of the argument that has been made by the appellant in this matter has to do with a contractual relationship that they contend exists between non-parties to a CBA. Now, I know the court has said that they believe the issue, the sole issue that we hear about today is does federal or state law apply to a collective bargaining agreement. What I'd like to at least make reference to is the idea that in this case we have an agreement that doesn't involve employees. Our clients, for over 40 years, from a factual standpoint, have been told, you're not members of SMACNA. The two funds that are involved in this matter, none of them go to employees. None of them go to laborers. What are they used for? Allegedly industry promotion. What is industry promotion? It's a golf outing in Las Vegas and other outings that they take part in as SMACNA members, employers. That's it. My clients, for over 40 years, have been told, you're not a member of SMACNA because you don't pay your dues as a member of SMACNA. You're also not entitled to any of these two funds. These aren't pension funds. If these were trust funds, pension funds, and they contended that we were signatories to the CBA, then clearly this would be a 301 issue. However, that's not what we're dealing with here. We're dealing with an entity that, after 40 years, is coerced by another entity called ITB, which is a multinational called International Test and Balance. They come into the metro Detroit area and they say, listen, we're going to pay you into these two funds. But we want you to go after the smaller people, my clients, who were in some cases mom-and-pop operations, test balance controllers, not sheet metal workers. And we want you to go back and charge these people for that money. But my clients aren't members of SMACNA. ITB joins SMACNA. My clients have never joined SMACNA. We've propounded hundreds of pages of documents in which they're not members of SMACNA. And actually, documentation which specifically shows that they're not considered signatories to the CBA. There is an actual document from Kem Watley. He is the accountant on behalf of SMACNA as well as the local. And the local union is not involved in this case. Kem Watley testified that he had been instructed by Anthony Asher, who heads SMACNA and is also the counsel in this case, that my clients are to be charged. The appellees are not to be charged because of the fact that they're not signatories to the CBA. They've been told continuously. They are not, nor have they ever been, signatories to the CBA. So this is an entity that goes out, essentially, and can file a grievance with a local joint adjustment board against you or I, and collect an award, which is the local joint adjustment board is made up of SMACNA members and two groups that are, or two individuals that are part of the local union 80. And they can get an award and then try and collect on that award, even though I'm not a member of the Sheet Metal Workers Union. Whether or not there should be recovery, I guess, I don't see it before us, but isn't for uniformity purposes, isn't this more of a matter of federal labor law than Michigan state law, whether there should be recovery under these facts and these scenarios for consistency purposes? What sense does it make to have different rulings depending on what state you're in? I can understand if this dealt with a federal labor issue, and if it is a federal labor issue. How is it not a federal labor issue? Because there's no labor being involved here. There's no laborers that are going to receive a single dime from the money that's involved. I didn't really hear you say anything about Michigan law. Michigan law deals with the relationship between citizens of the state of Michigan. SMACNA is a citizen of the state of Michigan, and following, if I may finish following on that line of questioning, the essence of the claim that's brought here is a non-member of an entity being sued by another entity. There is no labor money taking place that is the subject of this. This is for the collection of a quote-unquote promotion fund. If this was a claim by the local 80 saying you owed for wages or fringes or something along those lines, we go to the uniformity of federal law, which you're correct. But in this case, we're not dealing with that. We're not dealing with any labor-related issue. We're merely dealing with an entity coming outside and saying, you better pay us. Even though we've told you you're not allowed to belong to us, you need to pay us in order to do work in Metro Detroit area. So as a result, my clients don't get any work anymore unless they come up with hundreds of thousands of dollars for six years back that they had been told for 40 years. You don't get the benefit of it. You're not laborers. SMACNA is not laborers. It doesn't represent laborers. It doesn't lobby on behalf of laborers. It doesn't negotiate on behalf of laborers. It's good to be on a roll, but I need to ask you a question. Yes. Everything you just argued right now, you talk about it's a promotional activity. You talk about the relationship to benefits, even though you say they're not laborers. Almost all of that activity, though, is part and parcel or springs from or derives or relates to that collective bargaining agreement, doesn't it? And so if that's the case, doesn't it bring it back into the whole labor ambit? My time is up, if I may answer. Just briefly. Sorry, I couldn't hear you. Answer briefly. I do not believe that it derives from the collective bargaining agreement. And the reason I do not is because the collective bargaining agreement is between a labor organization member representative, which is SMACNA. There's nothing in the industry promotion that promotes my client's work. What is my client's work? My clients are called TAB contractors. They're not sheet metal contractors. TAB contractors are completely independent. They are required to be independent by the EPA in order to test the air quality in every building. I think I understand your argument, because you say that you fundamentally disagree with that premise. And I understand that, so thank you. Thank you. Thank you. With respect to whether or not the defendants advocated the application of state law during the summary judgment proceedings, I looked at their briefs. There were no state law cases cited. And even more significantly, in Judge Zietkoff's written summary judgment opinion, he specifically stated that both parties relied upon federal law standards. Neither party relied upon state law standards. State law standards were the controlling standards, and Judge Zietkoff was not going to do our homework, the party's homework for us, by identifying those state law standards for the first time, and therefore he denied both motions. So I think that if you go simply to Judge Zietkoff's summary judgment opinion, that will confirm that both parties applied federal law, which Judge Zietkoff sui sponte believed to be erroneous. The defendants, the employers' arguments today, I don't think this is the appropriate venue for those arguments. It's not the proper time. Those arguments would be great for their closing arguments at the trial. All we're doing today is determining whether or not state or federal law standards determine whether or not these employers were signatory to the collective bargaining agreements. The abundance of case law from the U.S. Supreme Court, from the Sixth Circuit, and from the other circuits dictate that this is a question of federal labor law to advance the very uniformity concerns that Judge Griffin stated. We would strongly object to the defendant's characterization that our claims do not arise under the collective bargaining agreement. They are directly premised upon our contractual rights to receive these benefits under the collective bargaining agreement. Thank you. We appreciate the argument both of you have given, and we'll consider the case carefully. Thank you. Thank you.